UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
WILLIAM B. COLEMAN          :
                            :             PRISONER
     v.                     :     Case No. 3:11cv512 (JBA)
                            :
WARDEN SCOTT SEMPLE         :
```

## RULING ON RESPONDENT'S MOTION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, William B. Coleman, currently confined at the Garner Correctional Institution in Newtown, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his 2005 state court convictions for sexual assault, unlawful restraint, breach of peace, threatening and larceny.  The respondent moves to dismiss on the ground that the petitioner has failed to exhaust his state court remedies as to the claim in the petition.  In opposition to the motion to dismiss, the petitioner has filed a motion to dismiss the respondent's motion to dismiss.  For the reasons that follow, the respondent's motion to dismiss is granted and the petitioner's motion to dismiss is denied.

I.   **Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  See *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial

systems.  *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir.1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."  *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the

2

claim is exhausted.  *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

## II. Procedural Background

On October 7, 2002, in *State v. William C.*, GA04-CR02-0315150-S an Assistant State's Attorney in the Connecticut Superior Court for the Judicial District of Waterbury, filed an Information charging the petitioner with larceny in the sixth degree and burglary in the third degree. *See* Resp'ts' Mem. Support Mot. Dismiss, App. B. On February 1, 2005, the Assistant State's Attorney filed a Substitute Long-Form Information charging the petitioner with breach of peace in the second degree, criminal trespass in the first degree, threatening in the second degree and larceny in the sixth degree. *See id.*

On October 11, 2002, in *State v. William C.*, GA04-CR02-0315338-S, an Assistant State's Attorney in the Connecticut Superior Court for the Judicial District of Waterbury, filed an Information charging the petitioner with sexual assault in the first degree. *See id.* On February 1, 2005, the Assistant State's Attorney filed a Substitute Long-Form Information charging the petitioner with sexual assault in the first degree, sexual assault in a spousal relationship and unlawful restraint in the first degree. *See id.*

On February 2, 2005, the State of Connecticut's motion to consolidate *State v. William C.*, GA04- CR02-0315150-S and *State*

3

*v. William C.*, GA04-CR02-0315338-S was granted.  The cases were tried together.

On February 16, 2005, at the conclusion of the prosecution's case, the court granted the defendant's motion for judgment of acquittal as to the count of criminal trespass in the first degree.  *See id.*  On February 17, 2005, the Assistant State's Attorney filed an Amended Substitute Long-Form Information in the consolidated cases charging the petitioner with one count of sexual assault of a spouse, one count of unlawful restraint in the first degree, one count of breach of peace in the second degree, one count of threatening in the second degree and one count of larceny in the sixth degree.  *See id.*

On February 24, 2005, a jury found the petitioner guilty of one count of sexual assault of a spouse in violation of Conn. Gen. Stat. § 53a-70b(b); one count of unlawful restraint in violation of Conn. Gen. Stat. § 53a-95a, one count of breach of peace in the second degree in violation of Conn. Gen. Stat. § 53a-181, one count of threatening in the second degree in violation of Conn. Gen. Stat. § 53a-62(a)(1) and one count of larceny in the sixth degree in violation of Conn. Gen. Stat. § 53a-125b(a).  *See* Pet. Writ Habeas Corpus at 2; *State v. William C.*, 103 Conn. App. 508, 510, 930 A.2d 753, 756-57 (2007).  On May 6, 2005, a total effective sentence was imposed of fifteen years of imprisonment, execution suspended after eight years, followed

by fifteen years of probation.  *See id.* at 514-15, 930 A.2d at 759.

On appeal, the petitioner raised four claims.  He argued that (1) the trial judge erred in admitting evidence of prior uncharged misconduct, (2) the trial judge improperly admitted constancy of accusation testimony by the attorney who represented J, the victim, in her civil custody matter with the petitioner, (3) the trial judge erred in precluding petitioner's cross-examination of Jaqueline Ortiz, the police detective who investigated J's complaint, as to bias; and (4) the State of Connecticut failed to conduct an appropriate investigation into the victim's veracity constituted prosecutorial misconduct that deprived the petitioner of his due process right to a fair trial. *See id.* at 510-11, 930 A.2d at 757.  On September 4, 2007, the Connecticut Appellate Court affirmed the judgment of conviction. *See id.* at 530, 930 A.2d at 766.

In his petition for certification to the Connecticut Supreme Court, the petitioner presented the following questions.  Was the trial judge's decision to admit prior uncharged misconduct proper and did impropriety by the prosecutor deprive the petitioner of due process of law.  *See* Resp'ts' Mem. Support Mot. Dismiss, App. E.  On October 16, 2007, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court.  *See State v. William C.*, 284 Conn.

928, 934 A.2d 244 (2007).

On August 16, 2005, the petitioner filed a state habeas corpus petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See William C. v. Warden*, No. CV05-4000622. On September 15, 2005, the petitioner filed a second state habeas corpus petition, also in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See William C. v. Warden*, No. CV05-4000771. In November 2005, the trial judge granted a motion to consolidate the two petitions, with *William C. V. Warden*, No. CV05-4000622, becoming the lead case.

The amended petition for writ of habeas corpus asserted one count of ineffective assistance of trial counsel for failure to address the constancy of accusation testimony, one count of ineffective assistance of trial counsel for failure to call witnesses to impeach the credibility of petitioner's ex-wife, one count of ineffective assistance of trial counsel for failure to call Dr. Plaud as a witness, one count of ineffective assistance of trial counsel for failure to object to certain testimony and one count of ineffective assistance of trial counsel for failure to elicit certain testimony. *See* Resp'ts' Mem. Support Mot. Dismiss, App. J. On August 28, 2009, a judge denied the petition as to all counts. *See id.* at App. H.

On appeal, the petitioner raised two claims: (1) whether the

habeas court abused its discretion in denying the certification to appeal and (2) whether the habeas court erred in denying the claim that trial counsel had been ineffective when he failed to request a limiting instruction immediately before or after the constancy of accusation testimony of six witnesses.  The Connecticut Appellate Court affirmed the decision of the habeas court on August 4, 2009.  *See William C. v. Commissioner of Correction*, 126 Conn. App. 185, 10 A.3d 115 (2011).  On March 16, 2011, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court.  *See William C. v. Commissioner of Correction*, 300 Conn. 922, 14 A.3d 1007 (2011).

### III. Discussion

Ground one of the amended petition is entitled "Constancy of Accusation."  Amended Pet. Writ Habeas Corpus at 9.  In the facts supporting this ground, the petitioner contends that the trial judge applied the constancy of accusation rule improperly and in violation of unidentified federal constitutional rights in that his limiting instruction in connection with the testimony of six witnesses and his general instruction on the use of constancy of accusation testimony, as included in the charge to the jury, were insufficient.  The petitioner also claims that he is actually innocent of all charges.  The respondent moves to dismiss the petition on the ground that the petitioner has not exhausted his

7

state court remedies as to any ground in the petition.

### A. Instructions on Constancy of Accusation Testimony

The court construes ground one of the petition as including two claims. The petitioner contends that: (1) any limiting instructions given by the trial judge in connection with the testimony of six witnesses who offered constancy of accusation testimony violated his federal constitutional rights and (2) the trial judge's general instruction on the use of constancy of accusation testimony included in his charge to the jury violated his federal constitutional rights.

In the petitioner's direct appeal of his conviction to the Connecticut Appellate Court, he argued that the trial judge had improperly admitted constancy of accusation testimony by Attorney Peterson, who had represented J, the victim, in her civil custody matter with the petitioner. The petitioner claimed that Attorney Peterson's testimony was "cumulative and unnecessarily prejudicial." *William C.*, 103 Conn. App. at 521, 930 A.2d at 762. In support of his argument that Attorney Peterson's testimony was prejudicial, the petitioner contended that the judge's failure to provide the jury with a specific limiting instruction on the use of constancy of accusation testimony after Peterson testified created a substantial risk that the jury would use the testimony as substantive evidence of his guilt. *See id.* at 523, 930 A.2d at 763. In presenting this claim to the

Connecticut Appellate Court, the petitioner relied solely on Connecticut law.  Thus, the claim was purely an evidentiary or state law claim.

In evaluating the petitioner's arguments, the Connecticut Appellate Court noted that "[c]laims concerning the admission of the details of a sexual assault victim's complaint for corroborative purposes do not carry constitutional implications and are purely evidentiary in nature."  *Id.* at 521, 930 A.2d at 762-63 (citations omitted).  The Court found that the attorney's testimony was not prejudicially cumulative and that the argument regarding the alleged prejudice caused by the lack of a limiting instruction by the trial judge after the attorney's testimony was without merit because the trial judge gave a general instruction on the use of constancy of accusation testimony in his jury charge.[1]  See *Id.* at 522-25, 930 A.2d at 763-65.

The Connecticut Appellate Court concluded that the trial judge did not err "in concluding that the probative value of the constancy of accusation testimony of [Attorney] Peterson outweighed its prejudicial effect" and had not abused his discretion by admitting this testimony at trial over the objection of petitioner's attorney.  *Id.* at 525, 930 A.2d at 765.

---

[1] The Court also noted that the petitioner had not objected to the jury instructions and had not requested a limiting instruction after Attorney Peterson's testimony.  Thus, the claim of instructional error was not preserved and was not reviewable.

The petitioner did not raise this ground in his petition for certification to the Connecticut Supreme Court.

In the state habeas petition, the petitioner challenged the effectiveness of only one of his trial attorneys.  In ground one of the petition, he argued that Attorney Michael Gannon was ineffective because he failed to request that the judge give a limiting instruction before or after the constancy of accusation testimony of three of the six witnesses and failed to object to the testimony of these three witnesses on the ground that the testimony was cumulative.  The habeas judge concluded that the petitioner had not shown that he had been prejudiced by Attorney Gannon's failure to request limiting instructions as to the three witnesses that he had cross-examined or by his failure to object to the testimony of the witnesses as cumulative.  The habeas judge denied the petition on all grounds.

The petitioner appealed the decision of the habeas court on the ground that the trial court abused its discretion in denying his petition for certification to appeal the decision denying the habeas petition and on the ground that the trial court had erred in concluding that trial counsel had not been ineffective when he failed to request limiting instructions in connection with the constancy of accusation testimony of three witnesses.  The Connecticut Appellate Court dismissed the appeal.

In deciding whether the petitioner had demonstrated that the

denial of his petition for certification constituted an abuse of discretion by the habeas judge, the Connecticut Appellate Court examined the petitioner's underlying claim of ineffective assistance of counsel and concluded that the habeas judge had "correctly determined that the petitioner failed to demonstrate that his defense was prejudiced by Gannon's failure to request a limiting instruction immediately before or after the constancy of accusation testimony of the three witnesses that he cross-examined."  *William C.*, 126 Conn. App. at 190, 10 A.3d at 117. In response to the petitioner's argument that the jury instruction included in the charge to the jury at the end of trial did not remedy the failure to give a limiting instruction at the time of the witness testimony, the Appellate Court noted that Connecticut case law was clear that there was no requirement that a contemporaneous limiting instruction be given by a trial judge.  *See id.*, 10 A.3d at 118.  The court further noted that it was undisputed that the trial judge had included an instruction in his jury charge regarding the proper use of the constancy of accusation testimony and that it was "well established that [a] jury is presumed, in the absence of a fair indication to the contrary, to have followed the court's instructions." *Id.* at 191, 10 A.3d at 118 (internal quotation marks and citations omitted).

   The petitioner's constancy of accusation claim on direct appeal as well as his ineffective assistance of counsel claim

relating to the constancy of accusation testimony in the state habeas petition were raised and decided as evidentiary or state law claims. Here, the petitioner is attempting to argue that any limiting instructions or general instructions given by the trial judge on constancy of accusation testimony violated his federal constitutional rights. Such claims have not been raised by the petitioner either on direct appeal or in his state habeas petition. Thus, the claims in ground one of the petition are not exhausted.

The Second Circuit has held that if a petitioner fails to exhaust a claim on direct appeal and "it is clear that the unexhausted claim is [now] procedurally barred by state law," then the district court "theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). The respondent argues that although the petitioner has not exhausted his federal constitutional claims relating to the instructions given by the trial judge as to constancy of accusation testimony by raising them on direct appeal, he is not procedurally barred from raising these claims in state court. The petitioner is required to use all available means to secure appellate review of his claims. *See Galdamez*, 394 F.3d at 73-74.

The respondent contends that the petitioner could file a state habeas petition arguing that appellate counsel was ineffective for failing to raise these federal claims on direct

appeal.  *See Small v. Commissioner of Correction*, 286 conn. 707, 721-24, 946 A.2d 1203, 1213-15, *cert. denied sub nom., Small v. Lantz*, 555 U.S. 975 (2008).  In addition, the petitioner could file a state habeas petition asserting a claim that counsel in the first state habeas was ineffective for failing to assert that appellate counsel erred by neglecting to claim that the trial judge violated the petitioner's constitutional rights in connection with his instructions on constancy of accusation testimony.  *See Iovieno v. Commissioner of Correction*, 242 Conn. 689, 699-701, 699 A.2d 1003, 1009-10 (Conn. 1997); *Lozada v. Warden*, 223 Conn. 834, 838-39, 613 A.2d 818 (1992).  In deciding either of these claims, the state habeas judge would necessarily address the underlying federal constitutional claims relating to the criminal trial judge's instructions relating to constancy of accusation testimony.  Thus, the petitioner has an available state remedy with regard to the claims in ground one of the petition.  Accordingly, the petitioner's claims are not procedurally barred and will not be deemed exhausted.  The motion to dismiss is granted on the ground that the claims included in the first ground are unexhausted.

    **B.**    **Actual Innocence**

At the end of the supporting facts section of ground one, the petitioner claims that he is actually innocent of all charges.  He provides no facts in support of this claim.  The

13

respondent construes this claim as a separate ground of the petition and argues that it is unexhausted.

The petitioner did not raise a claim of actual innocence on direct appeal or in his state habeas petition. The petitioner does not contest this fact. Thus, the claim is not exhausted.[2] Accordingly, the motion to dismiss is granted as to claim of actual innocence to the extent that the petitioner has raised it as a separate ground of the petition.

In opposition to the motion to dismiss, the petitioner contends that he is offering his actual innocence argument to overcome procedural barriers. The petitioner asserts that he intended to raise actual innocence as an exception to the procedural default doctrine with regard to his constancy of accusation claim.[3]

---

[2] The petitioner's claim of actual innocence is not procedurally barred as he may raise that claim in a state habeas petition. *See Summerville v. Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994) (holding that "a substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial").


[3] The Second Circuit has held that if a district court has deemed a claim raised in a federal habeas petition to have been exhausted because the petitioner is procedurally barred by state law from having the claim reviewed in state court, the federal court "also must deem the claim procedurally defaulted" unless the "petitioner [can] show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually

In the prior section of this ruling, however, the court concluded that the petitioner was not procedurally barred from raising the constancy of accusation claim in state court. Because the court did not determine that the claim had been procedurally defaulted, the petitioner's unsupported actual innocence argument is misplaced.

**IV. Conclusion**

The Motion to Dismiss on the ground that none of the claims for relief has been fully exhausted [**doc. # 17**] is **GRANTED** and the petitioner's Motion to Dismiss [**doc. # 19**] the Respondent's Motion to Dismiss is **DENIED**.  The Amended Petition for Writ of Habeas Corpus [**doc. # 8**] is **DISMISSED** without prejudice for failure to exhaust state court remedies.[4]

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies.  Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural

---

innocent)." *Aparicio*, 269 F.3d at 90.

[4] As this is not a mixed petition containing unexhausted and claims, a stay of this action pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) would be inappropriate. *See id.* (When a petition contains both exhausted and unexhausted claims, the Court of Appeals for the Second Circuit recommends that the district court stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court).

grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

    **SO ORDERED** this 28th day of June 2012, at New Haven Connecticut.

                                      /s/_____
                                      JANET BOND ARTERTON
                                      UNITED STATES DISTRICT JUDGE